UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RASHAD JEFFERSON,                                          Docket No. 24-cv-6292

                                Plaintiff,    **COMPLAINT**

   -*against*-                                          PLAINTIFF DEMANDS
                                                                          TRIAL BY JURY
CITY OF NEW YORK; and
POLICE OFFICERS JOHN DOE #1-4, and
POLICE OFFICER JANE DOE,

                                Defendants.

----------------------------------------------------------X

        Plaintiff RASHAD JEFFERSON, by and through his attorney, Alexis G. Padilla, complaining of the defendants, CITY OF NEW YORK and POLICE OFFICERS JOHN DOE #1-4, and POLICE OFFICER JANE DOE, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

        1.     This is a civil rights action in which the plaintiff, RASHAD JEFFERSON, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

        2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim involve a party which maintains its place of business within the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff RASHAD JEFFERSON is a United States citizen of full age and a resident of Kings County, New York.

6. Defendant POLICE OFFICERS JOHN DOE #1-4 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant POLICE OFFICERS JOHN DOE #1-4 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of their duties. They are sued individually and in their official capacities.

7. Defendant POLICE OFFICER JANE DOE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant POLICE OFFICERS JANE DOE acted under color of the laws, statutes, ordinances, regulations, policies,

customs and/or usages of the State of New York and the New York Police Department, in the course and scope of her duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in her by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of her duties. She is sued individually and in her official capacity.

## STATEMENT OF FACTS

8. On or about April 19, 2024, in the vicinity of the intersection of Batchelder Avenue and Avenue D in Brooklyn, plaintiff was present along with two associates when an unmarked police vehicle driven by POLICE OFFICER JOHN DOE #1 approached them.

9. Defendant POLICE OFFICER JOHN DOE #1 then exited the vehicle. Plaintiff's associates fled on foot and defendant P.O. JOHN DOE #1 chased after them. Plaintiff remained.

10. At that point, defendant POLICE OFFICER JANE DOE exited the vehicle and approached plaintiff.

11. Shortly thereafter, other police vehicles arrived, and defendants POLICE OFFICERS JOHN DOE #2-4 arrived on the scene.

12. Plaintiff began to record the officers with his phone and to ask for their names and badge numbers.

13. One of the officers told him that he was under arrest.

14. At that moment, defendant POLICE OFFICER JOHN DOE #2 wrapped his arms around plaintiff's neck and tried to pull him down to the ground, but before he could force plaintiff down, he tripped and lost hold.

15. Plaintiff stepped away from the officer and continued to try and record the incident.

16. P.O. JOHN DOE #2 then charged at Plaintiff and swung his fist through their, missing plaintiff's face but knocking his phone to the floor and causing plaintiff to fall in the process.

17. Defendant POLICE OFFICER JOHN DOE #3 then deployed a Taser against plaintiff, while defendants P.O. JOHN DOE #2, P.O. JOHN DOE #4 and P.O. JANE DOE took hold of his wrists and held him down.

18. As a result, plaintiff experienced extreme pain throughout his body.

19. Plaintiff was placed in handcuffs and removed from the scene to a police vehicle, which transported him to the 61st Precinct. There, he was placed in a cell, where he remained for approximately six hours.

20. From the 61st Precinct he was transported to Central Booking, where he requested medical attention.

21. Plaintiff was taken to the Steinburg Ambulatory Care Center on Atlantic Avenue and treated for chest pain.

22. When he was returned to Central Booking, he was charged with Obstructing Governmental Administration and Resisting Arrest.

23. On June 13, 2024, all charges against plaintiff were dismissed.

24. As a result of the illegal use of force and abuse of arrest power on the part of the defendants, plaintiff did suffer injury, excruciating pain and the loss of liberty.

### AS FOR A FIRST CAUSE OF ACTION

*False Arrest as against defendant POLICE OFFICERS JOHN DOE #1-4 and POLICE OFFICER JANE DOE in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

25. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

26. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

27. All of the aforementioned acts of defendants POLICE OFFICER JOHN DOE #1-4 and POLICE OFFICER JANE DOE were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

30. The arrest complained of resulted in plaintiff's unlawful loss of liberty.

31. The acts complained of deprived plaintiff of his right to be free from false arrest.

## AS FOR A SECOND CAUSE OF ACTION

***Excessive Force as against defendant POLICE OFFICER JOHN DOE #1-4 and POLICE OFFICER JANE DOE in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983***

32. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

33. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

34. All of the aforementioned acts of defendants were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

36. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

37. At all times complained of, the defendants had an obligation to intervene and put a stop to the use of excessive force and each of them failed to do so.

38. The acts complained of resulted in pain and injury to plaintiff.

39. The acts complained of deprived plaintiff of his right to be free from excessive force.

### AS FOR A THIRD CAUSE OF ACTION

**Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK**

40. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

41. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

42. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

43.     At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of arrest power as described in this Complaint.

44.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:  August 20, 2024
        New York, NY

By:     /s/Alexis G. Padilla
        Alexis G. Padilla, Esq. [AP7400]
        *Attorney for Plaintiff*
        *Rashad Jefferson*
        378 Lewis Ave. #6
        Brooklyn, NY 11233
        (917) 238-2993
        alexpadilla722@gmail.com